JOHN DARCH, ET AL., *v.* MARTHA J. O'NEAL, ET AL.

Divorce — Alimony — Attachment of Husband's Property — Creditor's Claims.

> When the wife, suing for divorce and alimony, has her husband's properly attached, her claims cannot be defeated by pretended creditors of the husband, whose attachments issued first where it is made to appear that such creditor's claim was asserted to aid the husband to cover up his property from his creditors.

Surety—Recovery by.

> A surety has no cause of action against his principal before such surety has suffered any loss.

APPEAL FROM GREENUP CIRCUIT COURT.

September 18, 1875.

OPINION BY JUDGE ELLIOTT:

On the 25th day of June, 1874, the appellee, Martha J. O'Neal, filed her petition in equity in the Greenup Circuit Court asking the court to adjudge her a divorce from her husband and alimony, on the al-

leged ground that her husband, Andrew O'Neal, had abandoned her and refused further to live with or support her.

A short time before this, appellant, Darch and others had brought suit in the Greenup Circuit Court against Andrew O'Neal on his supposed indebtedness to them, and had sued out attachments and had them levied on his property, and Darch and others had gone O'Neal's security to release the attached property.

It seems from the evidence that Andrew O'Neal, about the time of the bringing of these suits, was largely indebted; and wishing to carry on business at some lime works in Greenup county, he procured one Jerry Matthews, one of his hired teamsters, to purchase them at an execution sale in order to secure them from the reach of his creditors. It appears that appellant, Darch, knew all about this arrangement between O'Neal and Matthews, and at O'Neal's suggestion went Matthews's security on the sale bonds for the lime-works.

This sale and pretended purchase of the lime works occurred in April, 1874, a short time before Martha J. O'Neal brought her suit for divorce and alimony, and was amongst other things likely intended to prevent any judgment she might recover from reaching O'Neal's security to release the attached property.

A short time before the bringing of his wife's suit against him Andrew O'Neal made a pretended sale of all of his personal property of some $2,000 in value, to this Jerry Matthews, who swears himself that he was insolvent at the time of his purchase, which was of course known to O'Neal, as Matthews had been his employe for a year or two; and shortly afterwards appellant, Darch, for himself and Smith, took a mortgage from Matthews to indemnify Darch especially on his liabilities for O'Neal and Matthews. This mortgage was executed the 27th of June, 1874, some two days after the levy of Mrs. O'Neal's attachment.

Darch and Smith held a mortgage on Andrew O'Neal to indemnify them as his surety on a debt to Ringold & Company for about $500, but it is agreed that that debt was fully paid before these suits were brought.

There can be no doubt but that appellant's, Darch's, attachment was levied before that of Martha O'Neal, and if he has established the justice of his demand his debt should be first paid out of the proceeds of the attached property; but we are of opinion that his claim is rather fictitious than real, and was likely asserted to aid Andrew O'Neal to cover up his property from his creditors, for he told

Ratliffe that one of the notes filed as a part of his cause of action had been paid, and he told the sheriff the day after the levy of his attachment to deliver the property levied on under it to Andrew O'Neal, and the day after he told the sheriff who levied his attachment that O'Neal had not only paid him but that he was $500 ahead of O'Neal in their dealings; and he swears himself that O'Neal had paid him nothing after he brought his suit up to the time of these conversations.

By his own confession he brought a suit against his warm personal friend and attached his property when he owed him $500. He also swears that he had been aiding Andrew O'Neal in his suits with his creditors and employing lawyers for him, etc., and had borrowed, in the spring of 1874, $500 from O'Neal, which was not to be paid for two years, and says that O'Neal is Matthews's surety to him for a note of $325, and that, including that note and the personal dealings between him and Andrew O'Neal, he does not know how they stand, but intimates that there is not much between them. But he claims that he is liable on a large amount of Andrew O'Neal's paper.

We are of opinion that the lower court decided correctly in giving Martha J. O'Neal's attachment lien preference over Darch's, as we believe from the proof that his attachment was sued out to aid Andrew O'Neal to shield his property from his creditors; and as he and Smith have neither suffered any as O'Neal's surety nor brought suit to be released from liability by asking the court to compel O'Neal to pay his creditors, the dismissal of their suit was proper.

The only allegation that they make is that they expect in the future to suffer as surety of Andrew O'Neal and Matthews. These allegations do not give them a cause of action against O'Neal and Matthews. They must show that they have suffered as surety, and the amount they have been compelled to pay. But as appellant, Darch, in his suit charges that O'Neal owed him a specific sum of money, and O'Neal admitted that it was true, we are of opinion that he is entitled to a personal judgment for the sum so admitted.

Wherefore all of the judgment of the court below is *affirmed* at appellants' cost except the judgment dismissing Darch's suit against Andrew O'Neal, and that is *reversed* with directions to render a personal judgment against Andrew O'Neal, should he fail to plead further.

*E. L. Dulin, for appellants.    B. F. Bennett, for appellees.*